**DELK INVESTMENT CORPORATION, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17717.**

United States Court of Appeals
Eighth Circuit.

April 29, 1965.

John Lewis Kelly, Washington, D. C., James F. McCarthy, St. Louis, Mo., for appellant.

Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Tax Div., Washington, D. C., Lee A. Jackson and I. Henry Kutz, Attys., Tax Div., Washington, D. C., and Richard D. Fitz-Gibbon, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This action was brought by Delk Investment Corporation against the United States to recover paid deficiencies assessed by the Commissioner of Internal Revenue for the years 1955, 1956 and 1957, plus interest thereon. Delk, a personal holding company, challenged the Commissioner's interpretation of the statutory direction in 26 U.S.C.A. § 545 (b) (5) for computing how much tax was "attributable" to Delk's capital gains for the years in question. In a carefully considered opinion, Delk Investment Corp. v. United States, D.C.E.D.Mo., 1964, 228 F. Supp. 545, Judge Regan held as did the Commissioner and denied recovery. We would be able to affirm on the basis of Judge Regan's opinion alone. Nevertheless, in the only other reported case involving the identical question, the Second Circuit in Litchfield Securities Corp. v. United States, 2 Cir., 1963, 325 F.2d 667, certiorari denied, 377 U.S. 931, 84 S.Ct. 1333, 12 L.Ed.2d 295, held as did the District Court here. The policy of this court with regard to uniformity in tax holdings has been stated by us in C. I. R. v. Moran, 8 Cir., 1956, 236 F.2d 595, 596:

"* * * This court has repeatedly held, particularly in tax matters, that the decision of another Court of Appeals should be followed unless demonstrably erroneous or there appear cogent reasons for its rejection. Birmingham v. Geer, 8 Cir., 1950, 185 F.2d 82, 85, certiorari denied 1951, 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686."

As we are in complete accord with Judge Regan's opinion and with Litchfield, this case is affirmed.